IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED NOV 23 '05 PM 3:15 USBC-GB

In Re:
**SANDRA HARRIS JEFFERYS**
5308 Redwood Drive
Durham, North Carolina 27704

CASE NO. B-0580685-C-13D
Chapter 13

---

**TWT LEASING - ROXBORO, INC.**
d/b/a ColorTyme,

                Movant,

v.

**SANDRA HARRIS JEFFERYS**
Debtor

**RICHARD HUTSON**
Trustee

                Respondents.

## MEMORANDUM OF LAW IN SUPPORT OF COLORTYME'S MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C § 362 AND, IN THE ALTERNATIVE, MOTION FOR ORDER COMPELLING ASSUMPTION OR REJECTION OF UNEXPIRED LEASE AGREEMENTS UNDER 11 U.S.C. § 365

I.    FACTS

The Debtor, Sandra Jefferys, became a customer of TWT Leasing-Roxboro, Inc. d/b/a ColorTyme ("ColorTyme") on April 19, 2005. ColorTyme is what is commonly referred to as a rent-to-own or rental purchase store. Each rental purchase agreement entered into by a customer is for a finite period (usually a week or a month) after which it expires and can only be renewed by payment of another rental fee. At the end of a certain period of time the customer has the option to purchase the merchandise being rented for consideration which is more than nominal.

On April 19, 2005 the Debtor rented a 57 inch television set (the "Property") with an option to purchase for more than ten percent (10%) of the cash price of the merchandise. See Exhibit "A" attached to Motion for Relief from Stay and, In the Alternative, Motion for Order Compelling

Assumption or Rejection of Unexpired Lease Agreements.

The Debtor filed for bankruptcy protection on March 7, 2005 a little more than a month before entering into the Lease Agreement. The last lease payment made by the Debtor was on July 26, 2005. She has also not returned the Property to ColorTyme.

II.  LAW

An executory contract or lease must either be accepted according to its terms and brought current or it must be rejected. 11 U.S.C. §§ 365,1322 (b)(7), In Re: Frady, 141 B.R. 600 (Bkrtcy W.D.N.C. 1991).

The legal standard for determining whether "rent-to-own" transactions are true leases has been well settled in North Carolina and other jurisdictions for many years. In 1991 Judge Wooten of the United States Bankruptcy Court for the Western District of North Carolina thoroughly analyzed the two "rent-to-own" transactions sub judice and concluded without equivocation that they were true leases (as opposed to disguised credit sales) and must either be assumed or rejected. The bases for the Court's holding was that the debtor/customer could terminate the rental purchase agreement at any time without further obligation and, additionally, could only acquire ownership of the merchandise be paying more than legally defined "nominal consideration" (more than 10% of the cash price of the property). In Re: Frady, supra.

In 1993 the United States Bankruptcy Court for the Eastern District of North Carolina in an Order entered by Judge Leonard fully adopted the decision and rationale of Judge Wooten in the Frady case relying on the two dispositive factors that (1) ownership could only be acquired by paying more than 10% of the cash price of the merchandise (thereby making it more than "nominal consideration";see N.C.G.S. Section 25A-2(b)) and (2) the debtor could terminate the agreement at any time with no further obligation to continue paying rent. In Re: Hinton attached hereto. (Bkrtcy. E.D.N.C. 1993) Case No. 92-02918-JRL

Other courts have reached similar decisions respecting "rent-to-own" transactions. In <u>In Re: Powers</u>, 983 F.2d. 88 (1993), the debtor rented furniture under three written agreements. The agreements provided for an initial two-week rental period with the option for a series of two-week rental periods thereafter. The agreements were terminable at any time without penalty or further obligation. The United States Court of Appeals for the Seventh Circuit affirmed the District Court's decision "that the bankruptcy court erroneously interpreted §1-201 (37) [of the Uniform Commercial Code] and held that the agreements were true leases". See also <u>In Re: Rigg</u>, 198 B.R. 681 (Bkrtcy. N.D. Texas 1996); <u>In Re: Meeks</u>, 210 B.R. 1007 (Bkrtcy. S.D. Ill. 1995).

On April 29, 1999 Judge Leonard once again reaffirmed the principles of <u>In Re: Frady</u> and its progeny in a case factually indistinguishable from the instant case. <u>In Re: Delancy</u>. (Bkrtcy. E.D.N.C. 1999; Case No. 99-00262-8-JRL). On July 26, 1999 Judge Hodges of the United States District Court for the Western District of North Carolina entered an Order in another factually and legally indistinguishable case upholding and citing <u>In Re: Frady</u> and <u>In Re: Hinton</u>. <u>In Re: Brown</u> attached hereto (Bkrtcy W.D.N.C. 1999; Case No.: 98-20151-GRH).

Finally, this Court in 2001 has also held that a lease agreement very similar if not same as at issue in the instant action was a true lease. <u>In Re: Wood</u>, No. 01-11913C-13G (Bkrtcy. M.D.N.C., 2001, Judge Stocks),

III. <u>APPLICATION OF LAW TO FACTS</u>

In the instant case the Debtor entered into a rental purchase agreement with ColorTyme which she could terminate at any time without further obligation. Moreover, if she wished to exercise the purchase option to acquire ownership of the Property, she was required to pay an additional sum. This amount is clearly in excess of 10% of the cash price of the Property as set forth on the face of the rental purchase agreement and, therefore, more than "nominal consideration". See


N.C.G.S. §25A-2(b).

Hence, under the legal standard enunciated in <u>In Re:Wood</u>, <u>In Re: Frady</u> and <u>In Re: Hinton</u> (as well as the other precedent cited herein), the Debtor's transaction with ColorTyme was a true lease. As such it must either be assumed and brought current or rejected and the merchandise promptly returned to ColorTyme.

Respectfully submitted this 21st day of November, 2005.

**THE EDMISTEN & WEBB LAW FIRM**

By: /s/ William Woodward Webb
WILLIAM WOODWARD WEBB
Attorney for Creditor ColorTyme
Bar #4624
Post Office Box 1509
Raleigh, NC 27602
(919) 831-8700


## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served a copy of the ***Memorandum of Law in Support of ColorTyme's Motion for Relief From Stay Under 11 U.S.C. § 362 and, In the Alternative, Motion for Order Compelling Assumption or Rejection of Unexpired Lease Agreements Under 11 U.S.C. § 365*** by depositing a copy of same in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Post Office, properly addressed as follows:

Sandra Harris Jefferys
5308 Redwood Road
Durham, NC 27704

James W. Tolin, Jr., Esquire
Attorney for Debtor
112 S. Main Street
Roxboro, NC 27573

Richard Hutson
Chapter 13 Trustee
300 W Morgan Street
Suite 425
Durham, NC 27701-2162

This 21st day of November, 2005.

THE EDMISTEN & WEBB LAW FIRM

WILLIAM WOODWARD WEBB
Attorney for Creditor ColorTyme
Bar #4624
Post Office Box 1509
Raleigh, NC 27602
(919) 831-8700